### Consolidated Fuel Company v. Sexton, et al.

(Decided November 19, 1926.)

Appeal from Letcher Circuit Court.

Appeal and Error.—Verdict for damages for breach of contract will not be disturbed where evidence was conflicting and no complaint .was made of instructions or amount allowed.

D. D. FIELDS & DAY for appellant.

NAPIER & HELM and E. L. FRAZIER for appellee.

Opinion of the Court by Turner, Commissioner—Affirming.

Appellees, Sexton and Creekmore, brought their joint action for damages against appellant, alleging, in substance, that they in June, 1923, entered into a contract with appellant, through its agent, to clean up, mine and load the coal in a certain designated area in appellant's mine at the price of $1.30 per ton. They allege that they entered upon the performance of this work in June, 1923; under the terms of the contract, but that on the 30th of July, 1923, the defendant, through its agent, directed them to discontinue the work and prohibited and prevented them from carrying out the same, and that if they had been permitted to carry out their contract they would have made a profit of forty cents on the ton for the 2,000 tons of coal alleged to have been in that area, and pray for $8,000.00 in damages for lost profits.

The answer admits that in June, 1923, the defendant entered into a contract with the plaintiffs whereby it employed them to drive an entry through its mine to the outcropping of the coal on the far side of the mountain, and agreed to pay them $1.30 per ton for the coal mined

out of said entry; that the plaintiffs were to drive the entry from the place up to where it had been driven to the outside surface on the other side of the hill, and denies the profit plaintiffs would have made. Then in a second paragraph it is alleged that at the time defendant employed plaintiffs to drive the entry it was important to defendant to have the entry driven as fast as was possible, so that air might be conveyed throughout the mine for the benefit of the miners, and it alleges, in substance, that the plaintiffs had not pressed the work on the entry and could have completed the same within the two months they were working on the contract, but instead they spent their time chiefly in mining coal from the rooms in the mine which was not a part of the contract, except incidentally it was agreed they might cut and load coal whenever the entry in which they were working was too full of smoke; that plaintiffs refused to work on their contract diligently in driving the entry but put in most of their time in loading and mining coal out of the rooms; that the principal thing plaintiffs were employed for was to drive the entry, and that as an inducement to them to promptly finish that work the defendant contracted to give them $1.30 per ton for the coal gotten out by them in driving the entry, and incidentally agreed to give them the same for such coal as might be mined elsewhere when they could not work in the entry; that the price so agreed by defendant to give to plaintiffs was sixty cents more on the ton than it was then paying for coal mined by others, but when defendants found that plaintiffs were not pushing the completion of the entry, but were chiefly spending their time in getting out coal at this unusual price from other portions of the mine, it did discontinue the work.

The evidence as to the terms of the contract is conflicting, the two plaintiffs stating, in substance, that they were not only to drive the entry but were to mine all of the coal in that area, while the evidence for the defendant is, in substance, that they were merely employed to drive the entry, and incidentally to mine coal when they could not pursue the other work.

The appellant complains that plaintiffs were not independent contractors, but as the evidence upon this question is conflicting and there is no complaint of the instructions, we find no available ground of reversal.

The verdict was for $2,000.00 and there is no complaint of this amount if the defendants were entitled to recover.

The theory of each party was fairly submitted to the jury, and no good reason for a reversal of the judgment being shown the same is affirmed.